# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 2 C 8023 | **DATE** | 3/23/2004 |
| **CASE TITLE** | Susan Kazenas vs. Oracle Corporation 's Long Term Disability Plan | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: Plaintiff's motion for summary judgment [7-1] is denied. Defendants' motion for summary judgment [10-1] is granted. Plaintiff's motion for leave to file her favorable Social Security decision [22-1] is also denied. This is a final and appealable order, terminating the case.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | MAR 2 4 2004 | |
| ✓ | Docketing to mail notices. | date docketed | 24 |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | | |
| TSA | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

SUSAN KAZENAS,        )
       )
       **Plaintiff**        )
       )
       **v.**        )        No. 02 C 8023
       )
ORACLE CORPORATION'S LONG        )        Judge Wayne R. Andersen
TERM DISABILITY PLAN And        )
HARTFORD LIFE AND ACCIDENT        )
INSURANCE COMPANY,        )
       )
       **Defendants.**        )

DOCKETED
MAR 2 4 2004

## MEMORANDUM, OPINION AND ORDER

Plaintiff Susan Kazenas comes before the Court on a motion for summary judgment to recover long-term disability benefits from Defendants Oracle Corporation's Long Term Disability Plan and Hartford Life and Accident Insurance Company under §502(a)(1)(B) of the Employee Retirement Income and Security Act. Defendants have filed a cross-motion for summary judgment. The Court holds that the arbitrary and capricious standard of review applies in this case. Under this deferential standard, the issue is whether Hartford, acting as plan administrator, had a reasonable basis for denying Plaintiff's claim for benefits. For the reasons set forth below, the Court concludes that Defendants' denial of benefits was not arbitrary or capricious. Thus, Plaintiff's motion for summary judgment is denied and Defendants' motion for summary judgment is granted. In addition, Plaintiff's motion for leave to file her favorable Social Security decision is denied.

1



## BACKGROUND

Plaintiff Susan Kazenas ("Plaintiff") was employed by Defendant Oracle Corporation ("Oracle") as a senior software consultant from May 2, 1996 until December 4, 2000, when she took a medical leave of absence. Plaintiff was a participant in the Oracle Corporation Long Term Disability Plan ("Plan"), which is an employee welfare benefit plan that Oracle established through its purchase of group insurance issued by Defendant Hartford Life and Accident Insurance Company ("Hartford").

The Plan provides long-term disability benefits for employees it deems totally disabled. Under the Plan, total disability "means that: (1) during the elimination period; and (2) for the next 24 months, you are prevented by: (a) accidental bodily injury; (b) sickness; (c) mental illness; (d) substance abuse; or (e) pregnancy, from performing the essential duties of your occupation . . . ." The elimination period is the period of time the insured must be disabled before benefits become payable. Under this Plan, the elimination period is the first three consecutive months of any one period of disability. The parties agree that the elimination period ran from December 4, 2000, the date Plaintiff became unable to work as a result of her alleged disability, through March 3, 2001.

On April 3, 2001, Plaintiff filed an application for disability benefits with Hartford. In her application, Plaintiff stated that chronic headaches prevented her from performing the essential duties of her employment, including travel. She noted in her application that travel caused her stress and fatigue, resulting in severe headaches. In support of her claim, Plaintiff's physician, Dr. McNamara, submitted an application on her behalf that listed a primary diagnosis of "chronic fatigue syndrome, fatigue." In

2

addition, Oracle filed documentation that listed Plaintiff's reason for stopping work as headaches that precluded travel and concentration.

In reviewing the claim, Hartford referred Plaintiff's file to Dr. F.B. Dibble, an associate medical director for Hartford. Because he had found inconsistencies in the record, Dr. Dibble contacted Dr. McNamara for clarification of the Plaintiff's condition and learned that Dr. McNamara had changed his diagnosis from fatigue to depression. In addition, there was documentation from Pamela Rak, a social worker, and from Dr. Cary Haywood, a doctor of osteopathy, that Plaintiff was being treated for an anxiety disorder and depression.

Further, Dr. McNamara's treatment records from an office visit with Plaintiff on December 1, 2000 indicated that personal problems may have contributed to her condition. During another office visit on January 26, 2001, Dr. McNamara noted that Plaintiff was having headaches but was stable and was considering alternative employment. Also considered by Hartford was the fact that Dr. McNamara granted Plaintiff permission to return to work during the elimination period. He had signed a work release form giving Plaintiff permission to return to work as of February 26, 2001. On July 9, 2001, Hartford denied Plaintiff's application for benefits, having determined the medical evidence submitted on her behalf was insufficient to establish a physical or psychiatric disability.

On July 28, 2001, Plaintiff appealed Hartford's decision and reasserted her claim of disability due to headaches. In support of her appeal, Dr. McNamara revised his diagnosis to migraine headaches and depression. Hartford submitted this information to Dr. Dibble, but he concluded more substantiation of the migraine diagnosis would be

needed to establish a physical disability. On November 5, 2001, Hartford upheld its denial of benefits.

On January 21, 2002, Plaintiff again appealed Hartford's decision. This time Hartford referred Plaintiff's claim to an internal appeals specialist, who placed significant weight on Dr. McNamara's actual treatment notes as first-hand representations of the Plaintiff's condition during the elimination period. Due to the perceived inconsistencies and unreliability of Dr. McNamara's treatment notes and the conclusions of Dr. Dibble, the appeals specialist concluded that Plaintiff was not totally disabled under the Plan. On April 26, 2002, Hartford maintained its decision to deny Plaintiff's claim. Plaintiff filed this lawsuit on November 6, 2002.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment carries the initial burden of demonstrating an absence of evidence to support the position of the nonmoving party. *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994). The nonmoving party must then set forth specific facts showing there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). On cross-motions for summary judgment, the Court "considers the merits of each cross-motion separately and draws all reasonable inferences and resolves all factual

uncertainties against the party whose motion is under consideration." *Rowell v. Life Ins. Co. of N. Am.*, 1998 WL 708805, at *3 (N.D. Ill. Sept. 30, 1998).

## I.     The Arbitrary and Capricious Standard of Review Applies

Benefit determinations under ERISA are reviewed de novo unless the trustees of the plan have been given discretion to determine benefit eligibility, in which case the Court reviews benefit determinations under the arbitrary and capricious standard of review. *Trombetta v. Cragin Federal Bank for Savings Employee Stock Ownership Plan*, 102 F.3d 1435, 1437 (7th Cir. 1997). In this case, the Plan gave Hartford full discretion to make factual benefit determinations: "The Hartford has full discretion and authority to determine eligibility for benefits and to construe and interpret all terms and provisions of the Group Insurance Policy." The Plan's language is unambiguous and Plaintiff's assertion that it is an insufficient grant of authority is conclusory and without merit.

Plaintiff contends that Hartford has an inherent conflict of interest as both payor of claims and adjudicator of claim eligibility. However, the Seventh Circuit presumes a fiduciary acted neutrally unless specific evidence of conflict or bias can be presented. *Mers v. Marriott Int'l Group Accidental Death and Dismemberment Plan*, 144 F.3d 1014, 1020 (7th Cir. 1998). "The existence of a potential conflict is not enough." *Id.* Even if actual bias can be shown, the standard of review does not change. *Chojnacki v. Georgia-Pacific Corp.*, 108 F.3d 810, 815 (7th Cir. 1997) (holding that such a conflict would only cause the Court to "give the arbitrary and capricious standard more bite"). Absent specific evidence of actual bias in this case, we decline to apply heightened scrutiny to Hartford's benefit determination.

5

## II. Hartford's Denial of Benefits was Reasonable

The question for the Court under the arbitrary and capricious standard is whether the plan administrator's decision to deny benefits was reasonable. *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001). As explained by the Seventh Circuit in *Hess*, the "plan administrator's decision should not be overturned as long as (1) it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, (2) the decision is based on a reasonable explanation of relevant plan documents, or (3) the administrator has based its decision on a consideration of the relevant factors that encompass the important aspects of the problem." *Hess v. Hartford Life & Accident Ins. Co.*, 274 F.3d 456, 461 (7th Cir. 2001).

The documentation submitted as part of the Plaintiff's application for benefits provides a reasonable basis for denying Plaintiff's claim. In reviewing the claim, Hartford placed the most weight on Dr. McNamara's treatment notes, which were found to be inconsistent and unreliable to establish her disability based on headaches. In addition, other evidence suggested that an anxiety disorder and depression were the true causes of her condition, although Plaintiff listed headaches as the basis of her claim. Furthermore, Dr. McNamara gave Plaintiff permission to return to work as of February 26, 2001, which occurred during the three-month elimination period. In fact, she returned to work for two days in March 2001. Dr. McNamara's signing of the work release alone establishes a reasonable basis for Hartford to have concluded that the Plaintiff was not totally disabled during the three-month elimination period.

Plaintiff urges the Court to consider other evidence of her disability that was produced after Hartford had denied her second appeal. Dr. Charles Hillenbrand, a

psychiatrist, wrote Dr. McNamara on September 29, 2002 concluding that the Plaintiff has been totally disabled since November 2000. In addition, Dr. McNamara responded to Hartford's denial of Plaintiff's second appeal by giving his opinion that Plaintiff has been unable to sustain work activity since December 1, 2000. Plaintiff believes these findings are sufficient to establish her disability during the elimination period.

Even if these medical opinions should be given weight, the Court is not persuaded that it would be unreasonable for Hartford to rely on Dr. McNamara's treatment notes from office visits during the elimination period, as well as the findings of Dr. Dibble. Furthermore, the Seventh Circuit has held that in evaluating a plan administrator's decision under an arbitrary and capricious standard of review, the Court should only consider evidence that was before the administrator when it made its decision. *Hess*, 274 F.3d at 462. Thus, because Drs. Hillenbrand's and McNamara's statements were not before Hartford in making its decision, these reports should have no bearing on a determination of whether Hartford's denial of benefits was arbitrary and capricious.

## III. Plaintiff's Favorable Social Security Decision Will Not Be Considered

On January 12, 2004, the Social Security Administration ("SSA") issued a favorable decision finding Kazenas disabled due to depression and migraine headaches. Plaintiff asks the Court to grant leave to file a motion to consider this favorable decision. The Seventh Circuit has held that an SSA finding of disability is irrelevant when the SSA file was not part of the materials before the plan administrators. *Donato v. Metro. Life Ins. Co.*, 19 F.3d 375, 380 (7th Cir. 1994). The SSA's favorable decision in this case was made after the filing of this lawsuit and was not a part of the record before Hartford. The

SSA decision is thus irrelevant to the question of whether Hartford acted arbitrarily or capriciously when it denied Plaintiff's claim. Thus, the Plaintiff's motion is denied.

## CONCLUSION

The Defendants have carried their burden of demonstrating an absence of evidence to support Plaintiff's claim that Hartford's denial of benefits was arbitrary and capricious. For the foregoing reasons, Plaintiff's motion for summary judgment # 7-1 is denied and Defendants' motion for summary judgment # 10-1 is granted. Plaintiff's motion for leave to file her favorable Social Security decision # 22 is also denied. This is a final and appealable order, terminating the case.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: March 23, 2004

8